In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-2581

A.B., a child by his next friend, LINDA KEHOE,

*Plaintiff-Appellant,*

*v.*

HOUSING AUTHORITY OF SOUTH BEND,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:11-cv-00163-PPS-CAN—**Philip P. Simon,** *Chief Judge.*

ARGUED JANUARY 10, 2012—DECIDED JUNE 27, 2012

Before BAUER, ROVNER and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-appellant A.B. and his mother Autumn Oliver ("Oliver") lived in public housing owned by the Housing Authority of South Bend ("the Housing Authority"), which administers public housing for low-income residents in South Bend, Indiana. On February 28, 2011, Oliver was arrested and charged with possession of cocaine and resisting law enforcement officers; she later pleaded guilty to both charges. Less

than one month later, on March 22, Oliver received a notice from the Housing Authority informing her that by her February arrest, she had violated the terms of her lease agreement, that she had 30 days to vacate the premises, and that she could contest the termination of her lease during the eviction procedure.

On April 27, the Housing Authority filed an action in Indiana state court, seeking enforcement of the eviction and immediate possession of the property; a state court eviction hearing was scheduled for June 24, 2011. Prior to that hearing, on June 6, A.B. filed a request for a preliminary injunction in the Northern District of Indiana to prevent the Housing Authority from pursuing the eviction in Indiana state court. Shortly thereafter, the district court judge conducted a telephonic hearing at which time he denied A.B.'s motion for injunctive relief, based mainly on the Anti-Injunction Act, 28 U.S.C. § 2283, and in consideration of "the principles of equity, comity, and federalism that restrain a federal court, while recognizing the respect due the courts of a sovereign state." (*A.B., ex rel., Linda Kehoe v. Housing Authority*, No. 3:11 CV 163 PPS, 2011 WL 26929966, at *8, (N.D. Ind. July 8, 2011), citing *Zurich American Ins. Co. v. Sup. Ct. Of State of California*, 326 F.3d 816, 824 (7th Cir. 2003) (internal quotations omitted).

The scheduled state court hearing took place on June 24 and the court ruled in favor of the Housing Authority, issuing an order for immediate possession of the property and eviction of A.B. and Oliver. On July 12, A.B. filed this appeal of the district court's order denying injunctive relief.

## I. DISCUSSION

The singular question before this Court concerns A.B.'s appeal of the July 8, 2011 district court order denying A.B.'s motion for a preliminary injunction to prevent the Housing Authority from pursuing the eviction in the Indiana state court. But due to its current procedural posture, we will not review the district court's ruling on the merits. Since the Indiana state court has already entered a June 24, 2011 final order evicting A.B., this Court lacks jurisdiction for review; there no longer remains a live controversy. Thus, we cannot grant the relief that A.B. seeks and the appeal is dismissed for mootness.

Article III, Section 2 of the United States Constitution grants jurisdiction to federal courts to adjudicate only live cases and controversies. U.S. CONST. art. III, § 2. It has been firmly established that an appeal should be "dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant." *Dorel Juvenile Group, Inc. v. DeMartinis*, 495 F.3d 500, 503 (7th Cir. 2007) (citing *Calderon v. Moore*, 518 U.S. 149, 150 (U.S. 1996); s*ee also Worldwide St. Preachers' Fellowship v. Peterson*, 388 F.3d 555, 558 (7th Cir. 2004) (when a court can no longer affect the rights of the litigants, the appeal should be dismissed as moot); *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 842 (7th Cir. 1998) (the court of appeals is without power to decide questions which cannot affect the rights of the litigants in the case before the court); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)

(a case becomes moot when a court's decision can no longer affect the rights of litigants in the case before them and simply would be an opinion advising what the law would be upon a hypothetical state of facts) (internal quotations omitted). As of June 24, 2011, A.B. was evicted. For a preliminary injunction to be effective, it must be issued *prior* to the event the movant wishes to prevent. Once the event in question occurs, any possible use for a preliminary injunction is expired.

## II. CONCLUSION

This appeal is moot and is hereby DISMISSED.