[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11542
Non-Argument Calendar

_____

D.C. Docket No. 5:18-cv-00111-TES

RODNEY MICHAEL MCCOLLIGAN,

Plaintiff-Appellant,

versus

VENDOR RESOURCE MANAGEMENT,
Authorized Agent for the Secretary of Veteran Affairs,
JOHN AND OR JANE DOES,
Unknown Investors and Agents,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 13, 2019)

Before ED CARNES, Chief Judge, BRANCH, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

In this interlocutory appeal, Rodney McColligan, proceeding pro se, contends that the district court abused its discretion by denying his motions to enjoin Vendor Resource Management from evicting him from his former property, which was sold in a foreclosure sale after he defaulted on his mortgage.

I.

In August 2007 McColligan received a $96,000 loan from Market Street Mortgage Corporation. To receive that loan, he executed a security deed giving Market Street a mortgage on his property in Houston County, Georgia. Market Street assigned the mortgage to the Georgia Housing and Finance Authority, which entitled Georgia Housing to sell McColligan's property through a foreclosure sale if McColligan defaulted on his loan. He did. After an April 2017 foreclosure sale, the United States Secretary of Veterans Affairs obtained the rights to the property. When McColligan stayed on the property, the Secretary had Vendor Resource Management initiate a proceeding in Georgia state court to evict McColligan. The court granted Vendor a writ of possession, which allowed Vendor to evict McColligan.

In March 2018 McColligan responded by filing this suit against Vendor to obtain, among other things, $1,000,000 in damages. The complaint alleges that Vendor violated the Truth in Lending Act and the Fair Debt Collection Practices

2

Act.  On the same day, McColligan filed a motion requesting a preliminary injunction and other equitable relief to prevent Vendor from executing the writ of possession and, as a result, evicting him from the property.  A week later he filed another motion seeking to enjoin Vendor from evicting him.

The district court issued an order denying both of McColligan's motions, finding that the Anti-Injunction Act barred McColligan's requests for equitable relief.[1]  After the district court issued its order, Vendor executed the writ of possession and evicted McColligan from the property.  This is McColligan's interlocutory appeal from the denial of equitable relief. (It does not involve his request for monetary damages.)  See 28 U.S.C. § 1292(a)(1).

## II.

Article III of the Constitution limits our jurisdiction to the consideration of "cases" and "controversies."  U.S. Const. art. III, § 2.  "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy."  Adler v. Duval Cty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997).  "[I]t is incumbent upon this court to consider issues of mootness . . . and, absent an applicable exception to the mootness doctrine, to

---

[1] "Under the Anti–Injunction Act, an injunction halting a state court proceeding is inappropriate, 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" Burr & Forman v. Blair, 470 F.3d 1019, 1027 (11th Cir. 2006) (quoting 28 U.S.C. § 2283).

3

dismiss any appeal that no longer presents a viable case or controversy." Hunt v. Aimco Props., L.P., 814 F.3d 1213, 1220 (11th Cir. 2016).

Because equitable relief is "a prospective remedy," a "plaintiff's claims for equitable relief become moot" when that relief can no longer "prevent the defendant's future conduct from causing future injury." Adler, 112 F.3d at 1477. That is because the plaintiff would "no longer need[ ] protection from [the] future injury." Id. So, for example, a case in which a plaintiff requests only equitable relief to prevent a pending eviction becomes moot when he is evicted. See A.B. ex rel. Kehoe v. Hous. Auth. of S. Bend, 683 F.3d 844, 845 (7th Cir. 2012) ("Once the [eviction] occurs, any possible use for a preliminary injunction is expired."); cf. United States v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1223, 1228 (11th Cir. 2015) ("An appeal is moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.") (quotation marks omitted).

McColligan's claims for equitable relief to prevent Vendor from evicting him are moot. Vendor evicted McColligan, which means that equitable relief can no longer prevent that conduct. See Adler, 112 F.3d at 1477. And because no exception to the mootness doctrine applies, this appeal is not an active case or controversy. See Hunt, 814 F.3d at 1220. As a result, we lack jurisdiction to consider it.

### III.

The general rule is that, "when a case becomes moot after the district court enters its judgment but before this court has issued a decision, we are divested of jurisdiction and must dismiss the appeal and vacate the underlying judgment." Brooks v. Ga. State Bd. of Elections, 59 F.3d 1114, 1122 (11th Cir. 1995) (quotation marks and brackets omitted).  But "[i]n the case of interlocutory appeals, the usual practice is just to dismiss the appeal as moot and not vacate the order appealed from."  Id.  (quotation marks omitted).  We follow that practice here and, as a result, **DISMISS** this interlocutory appeal as moot, leave undisturbed the order appealed from, and **REMAND** the case to the district court for further proceedings.[2]

---

[2] See Brooks, 59 F.3d at 1122 ("We emphasize that our dismissal of this appeal as moot is necessarily limited to the specific order before us . . . . Still pending before the district court is the broader issue of the merits of [McColligan's underlying] claim.").