2007 OK 14

**Gina CASIDA, individually, and natural mother and next of kin of Braydon Casida, Plaintiff/Appellant,**

**v.**

**J. Clifton COFFEY, M.D. and J. Coffey, M.D., P.C., Farmers Union Hospital Association, and The Foundation Board of Great Plains Regional Medical Center in Elk City, Oklahoma, Defendants/Appellees.**

No. 102960.

Supreme Court of Oklahoma.

March 13, 2007.

Tom Wilcox, Clinton, OK, for Plaintiff/Appellant.

David A. Branscum, Whitney E. Buergler, Foliart Huff Ottaway & Bottom, Oklahoma City, OK, for Defendants/Appellees, Farmers' Union Hospital Association and The Foundation Board of Great Plains Regional Medical Center in Elk City, Oklahoma.

John Wiggins, Lane O. Krieger, Wiggins Sewell & Ogletree, Oklahoma City, OK, for Defendants/Appellees, J. Clinton Coffey, M.D. and J. Coffey, M.D., P.C.

## MEMORANDUM OPINION

HARGRAVE, J.

¶ 1 The sole issue in this case is whether the trial court erred in dismissing plaintiff's medical negligence action for failure to file the affidavit required by 63 O.S. Supp.2003 § 1–1708.1E. The statute required the plaintiff in a medical liability action to attach to the petition an affidavit attesting that the plaintiff has consulted and reviewed the facts of the claim with a qualified expert and has obtained a written opinion from a qualified expert that the plaintiff's claim is meritorious and based on good cause. If the affidavit is not attached, the court shall, upon motion of the defendant, dismiss the action without prejudice to its refiling. Upon application of the plaintiff for good cause shown, the court may grant an extension of time to file.

¶ 2 The plaintiff previously had filed a medical negligence action which she voluntarily dismissed on April 19, 2004. The plaintiff re-filed her medical negligence action against the defendants on April 15, 2005, but did not file the required affidavit of medical negligence.[1] The plaintiff's application for an extension of time was denied. The defendants appeared specially and moved to dismiss for failure to file the required affidavit. Plaintiff subsequently filed an amended petition with a medical negligence affidavit attached. The trial judge dismissed the case for failure to comply with 63 O.S. Supp.2003 § 1–1708.1E.[2] On appeal plaintiff argued that she had complied with the statute by filing an amended petition or that she had shown that good cause existed for an extension of time to file the affidavit.

¶ 3 This Court recently held in *Zeier v. Zimmer, Inc.*, 2006 OK 98, 152 P.3d 861 *(mandate issued March 2, 2007)* that the affidavit of medical negligence requirement of 63 O.S. Supp.2003 § 1–1708.1E was an unconstitutional special law prohibited by Art. 5, § 46 of the Oklahoma Constitution and that it created an unconstitutional monetary barrier to the access to courts guaranteed by the Oklahoma Constitution, Art. 2, § 6. We reversed the trial court's order dismissing that case for failure to attach the affidavit. The case at bar was retained by this Court following retention of the *Zeier* case.

¶ 4 This Court finds that *Zeier v. Zimmer, Inc., supra,* is dispositive of the sole issue in this appeal.[3] The case at bar was dismissed due to plaintiff's failure to comply with 63 O.S. Supp.2003 § 1–1708.1E. The statute has

1. The statute requiring the medical negligence affidavit was enacted as part of the Affordable Access to Health Care Act, Laws 2003, ch. 390, § 5, effective July 1, 2003.

2. The action was dismissed with prejudice as to defendants Farmers' Union Hospital Association and The Foundation Board of Great Plains Regional Medical Center in Elk City, Oklahoma, by order filed October 19, 2005. The case was dismissed with prejudice as to the remaining defendants by order filed December 12, 2005.

3. Rule 1.201, Oklahoma Supreme Court Rules, provides that this Court may summarily affirm or reverse any case in which it appears that a prior controlling appellate decision is dispositive of the appeal. 12 O.S.2001, Ch. 15, App. 1.

been declared unconstitutional and whether the plaintiff did or did not comply is moot. The trial judge's orders of dismissal were in error and must be reversed.

**REVERSED.**

¶ 5 WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, COLBERT, JJ., concur.

¶ 6 LAVENDER, J., dissent.