In the

# United States Court of Appeals

### For the Seventh Circuit

No. 13-1722

TRANSPORT WORKERS UNION OF
AMERICA, AFL-CIO, LOCAL UNIONS
561, 562, 563, 564, 565,

*Plaintiffs-Appellants*,

*v.*

TRANSPORT WORKERS UNION OF
AMERICA, AFL-CIO, INTERNATIONAL
UNION,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 1451 — **John J. Tharp, Jr.**, *Judge.*

ARGUED SEPTEMBER 23, 2013 — DECIDED OCTOBER 18, 2013

Before BAUER, KANNE, and HAMILTON, *Circuit Judges.*

BAUER, *Circuit Judge.* This matter involves a power struggle
between the national leadership of the Transportation Workers
Union of America and the leadership of several of its Local
Unions. The dispute arose after American Airlines filed for

bankruptcy and implemented a plan to reduce its labor costs. In anticipation of the reduction in the number of American Airlines mechanics, and likewise a reduction in the number of Transportation Workers Union members, the national leadership of Transportation Workers Union consolidated several local unions and shuttered offices. The district court denied the Local Unions' motion for a preliminary injunction preventing the consolidation. The affected Local Unions now appeal, challenging Transportation Workers Union of America's authority to take such action.

## I.  BACKGROUND

The facts in this case are not in dispute. Defendant, Transportation Workers Union of America ("TWU"), is an international labor union comprised of 115,000 members nationwide. TWU administers collective bargaining agreements with American Airlines ("American"). TWU established local unions in the cities where American had major operations to help adequately handle the representation of its members. The Plaintiffs, Local Unions 561, 562, 563, 564, and 565 ("Local Unions"), represent line mechanics and overhaul base mechanics.

On November 29, 2011, American and its affiliates filed for Chapter 11 bankruptcy protection. They sought concessions from TWU that would yield a 20% reduction in labor costs. Extensive negotiations, which included representatives from Local Unions, occurred between American and TWU until a new collective bargaining agreement was ratified. Under the new collective bargaining agreement, the "Baker Letter" was eliminated. The Baker Letter required American to pay

approximately $2 million to compensate Local Union representatives. The elimination of the Baker Letter resulted in a direct loss of funding to Local Unions. Additionally, the number of TWU-represented American mechanics was forecasted to drop by approximately 4,000 members by 2017 because American plans to add new planes to its fleet.

On August 17, 2012, the former president of Local 562 proposed that the Local Unions be consolidated to improve the representation of its members. Subsequently, the TWU International Executive Council ("IEC") established an IEC Subcommittee. The IEC Subcommittee conducted a thorough review of the restructuring, garnered input from the presidents of the Local Unions, and created a subcommittee report. The IEC Subcommittee members unanimously approved the report's recommendation to consolidate the Local Unions in an effort to address forthcoming financial pressures. Specifically, the report recommended consolidating the existing Local 561-565 Line Mechanics into one new Local 591, and consolidating the three Base Overhaul Mechanic Local Unions into two. The Base Overhaul Mechanics remaining in Local 565 would merge with Local 567.

On January 4, 2013, TWU International President, James Little, interpreted the TWU Constitution and concluded that TWU had the authority to consolidate the Local Unions as recommended in the IEC Subcommittee report. The IEC unanimously passed a resolution adopting the subcommittee's recommendations. The consolidation of the Local Unions was scheduled to occur on March 22, 2013. In compliance with the TWU Constitution, the Local Unions appealed the resolution to the IEC. The IEC denied the appeal. The Local Unions did

not follow Article XXIII of the TWU Constitution, requiring them to appeal the IEC's decision at the TWU Convention on September 23, 2013, because the consolidation would have already occurred by that date.

Instead, on February 25, 2013, the Local Unions filed a complaint in the district court seeking to enjoin TWU from implementing its reorganization plan. On March 5, 2013, the Local Unions moved for a temporary restraining order and a preliminary injunction to prevent the consolidation. The district court denied the temporary restraining order, but allowed the Local Unions to submit supplemental briefing and evidence. On March 21, 2013, the district court denied the Local Unions' motion for a preliminary injunction as well. On March 22, 2013, TWU consolidated the Local 561-565 Line Mechanics into Local 591 and the remaining Base Overhaul Mechanics from Local 565 merged into Local 567 as planned. The monies, books, and properties of Local Unions 561-565 were transferred to the new Local 591, Local Unions 561-565 were dissolved and their charters revoked, and new officers for Local 591 were elected.

## II. DISCUSSION

On appeal we must determine whether TWU exceeded the powers afforded to it by the TWU Constitution when it consolidated Local Unions 561-565 into a single "super-local" union. The Local Unions pray for two forms of relief. First, the Local Unions ask this Court to grant injunctive relief pursuant to their previously filed preliminary injunction. If we decline to do so, the Local Unions ask this Court (1) to reinstate the charters of Local Unions 561-565; (2) to reinstate their duly

elected officers, monies, books, properties, and constituent members; and (3) to return former Local 565 Base Overhaul Mechanics from Local Union 567.

We first address the Local Unions' request for a preliminary injunction that would maintain the status quo prior to March 22, 2013 of the TWU Local Unions. We cannot do so. "For a preliminary injunction to be effective, it must be issued *prior* to the event the movant wishes to prevent." *Kehoe v. Housing Auth. of South Bend,* 683 F.3d 844, 845 (7th Cir. 2012) (emphasis in the original). An issue on appeal will be moot "by virtue of an intervening event, [because] a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant." *Dorel Juvenile Grp., Inc. v. DiMartinis,* 495 F.3d 500, 503 (7th Cir. 2007) (citing *Calderon v. Moore,* 518 U.S. 149, 150 (1996)). TWU's intervening consolidation of Local Unions 561-565 prevents this Court from maintaining the earlier status quo of the Local Unions. Unfortunately, "the United States Court of Appeals for the Seventh Circuit cannot make time run backwards;" their request to grant injunctive relief is moot. *Gilpin v. AFSCME,* 875 F.2d 1310, 1313 (7th Cir. 1989). Though the Local Unions' request for a preliminary injunction is moot, their "case as a whole remains alive because other issues have not become moot." *Univ. of Tex. v. Camenisch,* 451 U.S. 390, 394 (1981).

Plaintiffs also ask us to order affirmative relief restoring their independent status as local unions based on claimed violations of the TWU Constitution. Apart from several procedural obstacles to that request, it fails on the merits. A union's interpretation of its own constitution is entitled to judicial deference. *Air Wis. Pilots Prot. Comm. v. Sanderson*, 909

F.2d 213, 218 (7th Cir. 1990). The deference to a union's interpretation reflects a longstanding "federal policy of non-interference in internal union affairs." *Local 657, United Bhd. of Carpenters v. Sidell,* 552 F.2d 1250, 1257 (7th Cir. 1977). To prevail, a plaintiff must show that the union's interpretation of its own constitution was "unreasonable, perhaps even 'patently unreasonable' before we can set it aside." *Fulk v. United Transp. Union,* 160 F.3d 405, 408 (7th Cir. 1998); (citing *Air Wis. Pilots Prot. Comm.,* 909 F.2d at 218.

To determine whether the union's interpretation was "reasonable" or "patently unreasonable," we must first understand how much authority the TWU Constitution grants its national leadership. The same TWU Constitution was at issue in 2001 when Local 507 mechanic members challenged TWU's merger of its local union with another. *Local 507, Transp. Workers Union of Am., AFL-CIO v. Transp. Workers Union of Am., AFL-CIO,* No. 00–CV–12436–MEL, 2001 WL 92161 (D. Mass. 2001). The court found that "[t]he TWU Constitution grants broad powers over Locals to both the IEC and the IAC." *Id.* at 3. The court further opined that the combination of Art. V, § 1, which empowers the International President to "interpret" and "enforce" the Constitution, along with Art. VIII, § 2, which names the IEC as the "supreme authority in the International Union," indicated that "ultimate power lies in the TWU national leadership instead of the Local leadership." *Id.* at 3. The court held that the transfer of Local 507 mechanic members to another local union was within the powers granted to TWU by its constitution. *Id.* at 4. Applying the court's reasoning to the case at issue here, we view the TWU Constitution as

granting nearly plenary power to the TWU national leadership over subordinate local unions.

The TWU Constitution explicitly gives the International President the power to "interpret the meaning and application of the provisions" of the Constitution. Art. V, § 1. In his January 4th letter regarding the IEC's authority to restructure the locals, President Little stated that, "[t]he TWU Constitution grants TWU numerous powers over its Locals," including the authority to "merge Locals, transfer members between Locals, dissolve Locals, revoke charters and charter new locals. See for example, Article VIII, Sections 8(a), 8(b), Article XIV, Section 2, and Article XIV, Sections 1-3 of the TWU Constitution." President Little's interpretation of the relevant sections is consistent with the court's reading of the TWU Constitution in *Local 507*. Here, TWU is effectively consolidating five Local Unions into one, and the consolidation is similar to the merger of two Locals into one, which the court approved in *Local 507*. On its face, we cannot deem President Little's interpretation as 'patently unreasonable.'

The burden remains on the Local Unions to indicate where and how President Little's "interpretation [] conflicts with the 'stark and unambiguous' language of the Constitution or reads out of the Constitution important provisions." *Exec. Bd. of Transp. Workers Union of Phila., Local 234 v. Transp. Workers Union of Am., AFL-CIO*, 338 F.3d 166, 170 (3d Cir. 2003). The Local Unions offer a blanket argument that President Little's interpretation conflicts with eight sections of the TWU Constitution, specifically, Art. V, § 4; Art. VI, § 4; Art. VIII, §§ 8, 9; Art. XII, §§ 1, 2, 3; and Art. XIV, § 1. The district court analyzed each provision individually and found that each section was

either not relevant to the situation at hand or that TWU's interpretation of the section was not unreasonable. After examining the relevant sections, we agree. The Local Unions quote the text or reference sections, but fail to argue how or why TWU's interpretation conflicts with the "stark and unambiguous" language of the Constitution, and then arrive at a cursory conclusion that TWU's action is patently unreasonable. We are not persuaded by the Local Unions' general reference to these sections and agree with the district court's analysis.

The Local Unions also argue that the TWU Constitution lacks an express provision that allows for the consolidation of Local Unions 561-565, and therefore, TWU's action "falls outside the authority" granted to it. *Int'l Longshoremen's Assn., Local 1516 v. Int'l Longshoremen's Assn.*, 815 F.2d 637, 641 (11th Cir. 1986). This argument, however, is not persuasive. While there is no single section that specifically addresses consolidating the Local Unions, two provisions provide sufficient authority to do so: Art. VIII, § 8(a) and Art. XIV, § 3. Article VIII, titled "Duties and Powers of the International Executive Counsel," section 8(a), states that:

> Should the number of good standing members in any Local Union become reduced to the point that, in the opinion of the International Executive Council, the Local can no longer properly perform its functions, the International Executive Council may revoke the charter of such Local, or require it to merge with another Local, or take such other action as it deems advisable.

Furthermore, Article XIV, titled "Local Unions," section 3, states that, "[n]o Local Union shall be dissolved, except with the approval of the International Executive Council." The explicit language of these sections allows the IEC to revoke, merge, dissolve, or take any "other action as it deems advisable." The IEC is the only entity named with the authority to make these decisions. And, TWU consolidated the Local Unions only after the IEC unanimously passed the resolution to do so.

In summary, TWU's actions fall wholly within the scope of the authority granted to it. TWU reasonably exercised the powers granted to it by the TWU Constitution. The Local Unions raised numerous contentions in their brief, and we decline to discuss those without merit. We hold that the Local Unions' motion for a preliminary injunction against TWU is moot. We reject the Local Unions's argument that TWU's interpretation of its Constitution was patently unreasonable.

### III.  CONCLUSION

The appeal is dismissed insofar as it challenges the denial of the Local Unions' motion for a preliminary injunction; otherwise, the judgment is AFFIRMED.