In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1881

ROY MITCHELL,

*Plaintiff-Appellant,*

*v.*

EDWARD F. WALL, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 15-cv-108-wmc — **William M. Conley**, *Chief Judge*.

SUBMITTED OCTOBER 29, 2015 — DECIDED DECEMBER 23, 2015

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK,
*Circuit Judges*.

POSNER, *Circuit Judge*. Roy Mitchell—physically a man,
psychologically a woman—appeals from the denial of her
motion for a preliminary injunction to compel the probation
officers assigned to supervise her to alter the conditions of
her probation, as by allowing her to reside with her family
rather than in the men's homeless shelter to which she is
currently assigned and referring her to counseling and
treatment programs for her gender dysphoria.

She has spent much of her adult life either homeless or behind bars. After a recent stint in a Wisconsin state prison, from which she was released on probation, she filed the present suit, seeking relief under 42 U.S.C. § 1983 against two administrators in the Wisconsin Department of Corrections, two doctors at Columbia Correctional Institution, and three probation officers in Dane County, Wisconsin. The suit alleges that during her incarceration the administrators and the doctors were deliberately indifferent to her acute need for psychological and hormonal therapy for her gender dysphoria—therapy recommended by a consultative psychologist of the Department of Corrections—and further that her probation officers demonstrated deliberate indifference to her condition by prohibiting her from moving from a men's homeless shelter to her mother's house and from dressing as a woman in public. She seeks damages but in the interim seeks a preliminary injunction compelling the probation officers to permit her to move in with her mother and sister and dress like a woman, and to refer her to the treatment programs she needs.

The district judge, scrutinizing the complaint for compliance with 28 U.S.C. § 1915(e)(2)(B), allowed the plaintiff to proceed with her claims against the two prison doctors but not against the other defendants. He denied her motion for a preliminary injunction on the grounds that she hadn't complied with the rules governing injunctive relief, that the injunctive relief she sought was unrelated to the merits of her claims against the doctors (the only claims that had survived the judge's screening of her complaint), and that she had failed to demonstrate either that she was likely to prevail on the underlying claims or would suffer irreparable harm if

the injunctive relief she sought was denied. The present appeal is limited to the denial of the preliminary injunction.

While the appeal was pending, Mitchell informed us that she is back in custody, having been sentenced recently to nine months in jail after pleading guilty to theft, prostitution, and resisting an officer. So long as she is in jail she is not subject to supervision by probation offices and cannot seek a modification of the terms of probation. Since her motion for injunctive relief concerns only her probation, her appeal is now moot—and for the further reason that having dismissed all her claims against the probation officers the judge had mooted her motion for a preliminary injunction. See, e.g., *Transportation Workers Union of America, AFL-CIO, Local Unions 561–565 v. Transportation Workers Union of America, AFL-CIO, International Union*, 732 F.3d 832, 834 (7th Cir. 2013).

When a case becomes moot on appeal (supposing the present case, so far as it concerns the probation-officer defendants, hadn't become moot already in the district court), the court of appeals generally vacates the judgment of the district court and remands with instructions to dismiss the case. It does this in order to prevent the district court's unreviewed decision from having a preclusive effect in subsequent litigation between the parties. Compare *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). But because a preliminary injunction has no preclusive effect on the district court's deciding whether to issue a permanent injunction, we have held that "orders vacating the underlying order should not typically issue with respect to preliminary injunctions that become moot on appeal." *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 843 (7th Cir. 1998). Furthermore, the plaintiff in our case still has claims pending in the

district court against the two doctors—claims unaffected by the denial of the preliminary injunction that she sought against the probation officers. She thus has a live case, and should she be released from jail in the course of the litigation and again placed on probation she'll be able to renew her objections to the terms of her probation.

In addition, unlike the situation in the otherwise similar case of *Gjertsen v. Board of Election Commissioners*, 751 F.2d 199, 202 (7th Cir. 1984), no motion for either preliminary or permanent injunctive relief remains pending in the district court and, as we noted, the district judge's denial of preliminary relief does not preclude the later issuance of a permanent injunction. Like *Orion Sales*, moreover, the dismissal of the interlocutory appeal on grounds of mootness does not leave in force a final district court decision that the prevailing party could use as a basis for asserting collateral estoppel in a future litigation between the parties. Because the case remains alive in the district court, compare *Camreta v. Greene* 131 S. Ct. 2020, 2033–36 (2011), should the plaintiff in the course of the litigation be released from jail and again placed on probation she may be able, as an alternative to reviving her claim for injunctive relief against the probation officers (whether the old ones or new ones), to bring a new suit, which doubtless will involve issues related to the claims in her present suit against the probation officers. And she'll be able to ask the district court to vacate his current judgment denying her claims against them, on the ground that our ruling her appeal moot deprived her of an opportunity to challenge his earlier ruling.

And finally she's waived her right to ask us to vacate the district court's order dismissing her motion for preliminary

injunctive relief as moot. In *Munsingwear* the court of appeals had dismissed the government's appeal from an adverse decision as moot. The government had not moved the court of appeals to vacate the decision, as it could have done to avoid being faced with claims of res judicata or collateral estoppel in a future case. It asked the Supreme Court to do so. The Court refused, saying, 340 U.S. at 38–41 (interior quotations, citations, and ellipses omitted):

> The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.

> That is the result unless the dismissal of the appeal on the ground of mootness and the deprivation of the United States [the petitioner in *Munsingwear*] of any review of the case in the Court of Appeals warrant an exception to the established rule.

> Petitioner argues that that case is distinguishable because here, Congress provided an appeal. It contends that if the right to appeal is to be protected, the rigors of *res judicata* must be alleviated. Concededly the judgment in the first suit would be binding in the subsequent ones if an appeal, though available, had not been taken or perfected. But it is said that those who have been prevented from obtaining the review to which they are entitled should not be treated as if there had been a review.

[But] if there is hardship in this case, it was preventable. The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.

[But] in this case, the United States made no motion to vacate the judgment. It acquiesced in the dismissal.

The case is therefore one where the United States, having slept on its rights, now asks us to do what by orderly procedure it could have done for itself. The case illustrates not the hardship of *res judicata*, but the need for it in providing terminal points for litigation.

And so it is in this case. For as we explained in *Gjertsen*, the Supreme Court's decision in *Munsingwear* establishes that "since the requirement of vacating the lower-court order when it becomes moot on appeal is for the benefit of the loser in the lower court, he can waive it, *and does so by failing to invoke it*." 757 F.2d at 203 (emphasis added).

APPEAL DISMISSED