┌─────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION** │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 9, 2020
Decided July 23, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 18-3335 & 18-3341

| | |
|---|---|
| URBAN ONE, INC., formerly known as RADIO ONE, INC., | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellee,* | |
| *v.* | Nos. 16 C 1867 & 17 C 7892 |
| DIRECT MEDIA POWER, INC., and DEAN TUCCI, | Virginia M. Kendall, *Judge.* |
| *Defendants-Appellants.* | |

**O R D E R**

Urban One, formerly known as Radio One, sold radio airtime to Direct Media Power, which then resold it to customers for broadcast commercials. When Direct Media defaulted on the purchase agreement, Urban One sued in federal court based on diversity jurisdiction and obtained a judgment for nearly $1.4 million. After Direct Media failed to pay, Urban One filed another suit, this time against Dean Tucci, Direct Media's sole owner, seeking to pierce the company's corporate veil and hold Tucci personally liable for its debt. The district court, again under diversity jurisdiction, entered a preliminary injunction freezing Tucci's assets pending the determination of

his liability. Direct Media appealed the judgment against it in the first case, and Tucci appealed the preliminary injunction. We consolidated the appeals.

While Tucci's appeal was pending, however, the district court granted Urban One's motion for summary judgment, from which Tucci did not file a timely notice of appeal. Tucci's appeal from the preliminary injunction is therefore moot. And the appellants waived any argument challenging the judgment against Direct Media. We therefore affirm the judgment against Direct Media and dismiss Tucci's appeal as moot.

In 2010 Dean Tucci incorporated Direct Media Power, Inc., in Delaware ("DMP Delaware"). In 2013 he incorporated the identically named Direct Media Power, Inc., in Illinois ("DMP Illinois"), which had its principal place of business in Wood Dale. He was the sole owner of both DMP Delaware and DMP Illinois. DMP Delaware was dissolved in 2016 for being inactive and for not having paid taxes for three years. DMP Illinois was dissolved in bankruptcy proceedings in 2017. Urban One is incorporated in Delaware and has its principal place of business in Maryland. Tucci is a citizen of Illinois.

Beginning in 2013, Urban One sold radio airtime to DMP Illinois, which was in the business of reselling airtime for broadcast commercials. DMP Illinois eventually failed to pay more than $1.3 million, so Urban One filed suit in federal court for breach of contract, invoking jurisdiction based on the parties' diverse citizenship. *See* 28 U.S.C. § 1332(a) (conferring original federal jurisdiction over a civil action in which "the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States"). DMP answered contesting Urban One's claims but admitted that it was an Illinois corporation and a diverse party under § 1332. DMP's attorney then withdrew and DMP failed to appear through new counsel, so the district judge ultimately entered a default judgment.

One year later Urban One petitioned for a citation to discover DMP's assets and for a turnover order to satisfy the judgment. In response DMP moved to vacate the judgment and dismiss the case for lack of subject-matter jurisdiction. It argued that it was incorporated in Delaware but was forced by the Illinois government to also incorporate there when it began conducting business in the state. And a corporation is a citizen of every state in which it has been incorporated. *Id.* § 1332(c)(1). Therefore, DMP continued, it was a single entity with citizenship in both Illinois and Delaware. And because Urban One was also a citizen of Delaware, the parties were not fully diverse, and the court lacked jurisdiction. *See id.* § 1332(a)(1).

The judge rejected DMP's argument, concluding that DMP Delaware and DMP Illinois were separate entities—not a single business incorporated in two states—and that the contract at issue was with DMP Illinois alone. The judge first noted that DMP Illinois and DMP Delaware had separate domestic-incorporation documents and distinct federal employment-identification numbers, and that they had been dissolved on two different dates (DMP Delaware in March 2016, and DMP Illinois in October 2017). Further, the judge noted that in DMP's answer to Urban One's complaint, DMP admitted it was an Illinois corporation and said nothing about Delaware. Nor had DMP presented any evidence that Illinois had forced it to incorporate in the state. Indeed, in factually similar litigation brought by a Delaware corporation against DMP Illinois in New York state court, DMP had successfully removed the case to federal court under § 1332(a)(1) by arguing that it was exclusively a citizen of Illinois. Thus, the judge concluded, the parties were fully diverse, and she rejected DMP's motion to vacate the default judgment for lack of jurisdiction. DMP filed a notice of appeal.

During the DMP litigation, Urban One sued Dean Tucci individually as DMP's sole owner, seeking to hold him personally liable for the judgment against DMP under a theory of piercing the corporate veil. The case was again assigned to Judge Kendall. Urban One moved for a preliminary injunction, seeking to freeze Tucci's assets pending the determination of his personal liability. In response Tucci moved to dismiss the suit for lack of subject-matter jurisdiction. He argued that because Urban One asserted that his liability was coextensive with DMP's, then so too was his citizenship—which, he maintained, was in both Delaware and Illinois. Therefore, he concluded, because he (through DMP) and Urban One were both citizens of Delaware, the parties were not completely diverse, and the district court lacked subject-matter jurisdiction over the case. *See* § 1332(a)(1).

The judge disagreed with Tucci, noting that this court has never adopted a rule attributing a corporation's citizenship to its shareholder in an action to pierce the corporate veil. But even if DMP's citizenship mattered, the judge concluded, the evidence again showed that DMP Illinois was a separate entity from DMP Delaware, and because only DMP Illinois was implicated in the lawsuits, the court had jurisdiction under § 1332. The judge granted Urban One's motion for a preliminary injunction, concluding that Urban One had shown a likelihood of success on the merits of its claim that Tucci was personally liable for the debts of DMP Illinois.

Tucci appealed the entry of the preliminary injunction, 28 U.S.C. § 1292(a)(1), and his appeal was consolidated with DMP's. After Tucci appealed the preliminary injunction, however, the district court entered a final judgment in favor of Urban One.

In this consolidated appeal, Tucci primarily contends that the district court lacked subject-matter jurisdiction over Urban One's veil-piercing lawsuit. But Tucci's appeal is moot. "[P]rocedural developments can moot an appeal from a preliminary injunction," such as when "the district court makes a final decision on the merits while the interlocutory appeal is pending." *Auto Driveaway Franchise Sys. v. Auto Driveaway Richmond*, 928 F.3d 670, 674 (7th Cir. 2019). In such a case, the proper action is to recognize that the interlocutory appeal is moot. *Id.* at 674–75. Tucci's appeal of the preliminary injunction is therefore moot. And because he did not timely appeal the final judgment, *see* FED. R. APP. P. 4(a)(1)(A), the case against him is over. So we dismiss Tucci's appeal as moot. *See Mitchell v. Wall*, 808 F.3d 1174, 1176 (7th Cir. 2015); *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 843 (7th Cir. 1998).[1]

Likewise, any argument in DMP's appeal has been waived. The appellants' brief was filed by Tucci's attorney and lists only Tucci as the appellant in this consolidated appeal. And counsel's disclosure statement in the brief lists him as counsel for Tucci alone. Further, counsel did not brief any argument challenging the DMP judgment. Any challenge to DMP's liability is therefore waived. *See, e.g., Gross v. Town of Cicero*, 619 F.3d 697, 704–05 (7th Cir. 2010) (undeveloped arguments are waived).

We AFFIRM the judgment against DMP and DISMISS Tucci's appeal as moot.

---

[1] Generally when a case becomes moot on appeal, the ordinary procedure is to vacate the judgment of the district court and remand with instructions to dismiss the case. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950). Remanding for the district court to dismiss the case prevents the district court's unreviewed decision from having preclusive effects in subsequent litigation. *See id.* That concern is not present here, though. Any preclusive effects stem from the final judgment—which Tucci did not appeal—not the preliminary injunction.