OSCN Found Document:FORD, et al. v. THE OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al.

 

 
 FORD, et al. v. THE OKLAHOMA STATE DEPARTMENT OF EDUCATION, et al.2026 OK 35Case Number: 123278Decided: 05/12/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 35, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 
 DIANE FORD, AINSLEY HOOVER, LILLIAN LANG, JACK RAMEY, JENNIE SCOTT, JAMES WELCH, IV, and ALANA WESTFALL, Plaintiffs/Appellants,
 
 v.
 
 THE OKLAHOMA STATE DEPARTMENT OF EDUCATION, THE OKLAHOMA STATE BOARD Of EDUCATION, and LINDEL FIELDS, in his official capacity as the State Superintendent of Public Instruction and Chair of the Oklahoma State Board of Education, Defendants/Appellees.
 

 
APPEAL FROM THE DISTRICT COURT FOR OKLAHOMA COUNTY
 

 ¶0 Plaintiffs filed suit in the District Court and sought an injunction and declaratory relief based upon the Social Studies Standards of 2025 adopted by the Oklahoma State Board of Education. The State Superintendent of Public Instruction, Oklahoma State Department of Education, and Oklahoma State Board of Education filed motions to dismiss plaintiffs' petition. The Honorable C. Brent Dishman, District Judge, denied the request for an injunction and granted the motions to dismiss. Plaintiffs appealed and the appeal was retained for disposition by this Court. We hold: (1) Plaintiffs' appeal is moot and no exception to mootness applies; (2) The appeal is dismissed; (3) The judgment dismissing plaintiffs' petition is reversed with directions to enter judgment dismissing plaintiffs' petition without prejudice due to mootness.
 

 
APPEAL DISMISSED; DISTRICT COURT JUDGMENT REVERSED
 
 WITH DIRECTIONS 
 

 
Michael J. Hunter, Michael J. Hunter PLLC, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.
 
 
Lindsey N. Kistler, Kistler Legal Group, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.
 
 
Ryan Leonard, Elaine DeGiusti, Heidi Long, and Heather Hendricks, Leonard, Long & Cassil, PLLC, Oklahoma City, Oklahoma, for Appellee, Oklahoma State Board of Education.
 

 

 
EDMONDSON, J.
 
 
 
¶1 We conclude plaintiffs' action challenging the Social Studies Standards of 2025 and requesting injunctive and declaratory relief is moot because the 2025 Social Studies Standards no longer exist. The appeal must be dismissed as moot. The two exceptions to mootness do not apply. We conclude the judgment against plaintiffs must be reversed, and a new judgment entered that dismisses plaintiffs' petition without prejudice due to mootness.
 
 
¶2 The Oklahoma State Board of Education (OSBE) approved the Social Studies Standards of 2025 on February 27, 2025. Plaintiffs filed a petition in the District Court and sought a declaratory judgment that the 2025 Social Studies Standards (2025 Standards) were "invalid, null, and void as a matter of law, and for any such other and further relief that this Court deems just and proper." 
 
¶3 A motion to dismiss was filed by Ryan Walters and the Oklahoma State Department of Education (OSDE). 12 O.S. §2012Randall v. Fields, 2025 OK 91581 P.3d 109
 
¶4 Plaintiffs appealed and their petition in error challenged the orders denying an injunction and dismissing their petition. 75 O.S. §§ 250.470 O.S. §§11-103.6a
 
¶5 This Court addressed the validity of the Social Studies Standards of 2025 in Randall v. Fields, supra, where the Court concluded: "The 2025 Oklahoma Academic Standards for Social Studies shall not be enforced." Id. 2025 OK 91Randall raised various constitutional and statutory claims challenging the 2025 Standards that the Court did not adjudicate. Randall, at ¶22, 581 P.3d at 118. The Court's holding in Randall was based solely upon application of the Oklahoma Open Meeting Act, 25 O.S.2021 §§301Id. 2025 OK 91Randall v. Fields, supra, upon the present appeal.
 
 
¶6 Plaintiffs argue: (1) The challenged 2025 Standards present a legal issue capable of repetition in future litigation related to (a) 75 O.S. §§ 250.470 O.S. §11-103.6aRandall shows the trial court's order was incorrect requiring a reversal of the trial court; and (4) Alternatively, and to the extent Randall renders moot plaintiffs' request for a preliminary injunction and declaratory relief, plaintiffs' action remains viable due to exceptions to mootness. Plaintiffs argue the Court should retain the appellate cause and address the issues raised regarding the trial court's order sustaining the defendants' motions to dismiss.
 
 
¶7 Defendants state the decision in Randall moots plaintiffs' action and no exception to the mootness doctrine applies. The appeal is dismissed for mootness based upon the Court's analysis.
 
 
II. Analysis
 
 
¶8 Plaintiffs' argument is essentially twofold: (1) The controversy is not moot and the Court should apply Randall as stare decisis, reverse the District Court's dismissal of their petition, and remand for additional proceedings in the District Court; or (2) The controversy is an exception to the mootness doctrine. Plaintiffs' first argument for reversing the District Court's dismissal of their petition requests a form of appellate relief based upon either (a) viewing the decision in Randall as not establishing a new rule of law and merely announcing law as it has always been and should be applied to their controversy by reason of stare decisis, or (b) viewing the decision in Randall as announcing new law but requiring application of the pipeline doctrine to different parties in a different appeal. 
 
¶9 Stare decisis, by itself, does not create mootness. State ex rel. Okla. Firefighters Pension and Retirement System v. City of Spencer, 2009 OK 73237 P.3d 125Id. ¶4, 237 P.3d at 129. A state or condition which prevents an appellate court from rendering relief for the purpose of mootness may include when the controversy is no longer justiciable because the cause of action no longer exists, e.g., a cause of action consists of an antagonistic demand and when this demand is no longer present the appeal is moot. 
 
¶10 In Already, LLC v. Nike, Inc., 568 U.S. 85, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013), the Court explained a federal court case becomes moot when the case is "no longer a 'Case' or 'Controversy' for the purposes of Article III" of the U.S. Constitution. Id. 568 U.S. at 91. In Federal Bureau of Investigation v. Fikre, 601 U.S. 234, 240-41, 144 S.Ct. 771, 218 L.Ed.2d 162 (2024), the Court explained mootness and an exception to its application.
 
 A court with jurisdiction has a "virtually unflagging obligation" to hear and resolve questions properly before it. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). But the converse also holds true. Sometimes, events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he might have won in it. When that happens, a federal court must dismiss the case as moot. Already, LLC v. Nike, Inc., 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013). . . .
 
 None of this implies that a defendant may "automatically moot a case" by the simple expedient of suspending its challenged conduct after it is sued. Already, 568 U.S., at 91, 133 S.Ct. 721. Instead, our precedents hold, a defendant's "'voluntary cessation of a challenged practice' " will moot a case only if the defendant can show that the practice cannot " 'reasonably be expected to recur.' " Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); see United States v. W. T. Grant Co., 345 U.S. 629, 632--633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953).
 
 
Federal courts often see motions to dismiss where Fed. R. Civ. P., Rule 12 (b)(1) (lack of subject matter jurisdiction) and Rule12(b)(6) (failure to state a claim upon which relief can be granted) are raised simultaneously and each invokes a mootness argument. An adjudication of a 12(b)(1) jurisdictional defense may moot a 12(b)(6) defense and a dismissal for 12(b)(1) mootness, that is, dismissal due to absence of an Art. III case or controversy is often a result with the Rule 12(b)(6) argument mooted. 
 
¶11 Our Court has noted a similarity between (1) the "Case" or "Controversy" requirement in U. S. Const. Art. III and (2) the power vested in District Courts by Okla. Const. Art. VII, § 7, 
 
¶12 Our Court recognized an appellate court may decline to dismiss an appeal as moot when a controversy presents one of two exceptions. In Oklahoma Electric Cooperative v. State ex rel. Oklahoma Corporation Commission, 2025 OK 60578 P.3d 1201Id. at ¶20. State ex rel. Okla. Firefighters Pension and Retirement System, supra, and Oklahoma Electric Cooperative, supra, indicate mootness during an appeal may be based upon a lack of justiciability and an appellate dismissal is not always required.
 
 
¶13 The effect of this Court's exceptions to mootness is similar to the well-known concept that when jurisdiction attaches over a person by a court of general original jurisdiction exercising equity, then the equity jurisdiction will continue apart from the parties' rights on a legal cause of action in a law court. Federal Bureau of Investigation, supra, and its single exception to mootness and dismissal based upon repetition of the controversy while evading judicial review due to the conduct of the parties. 
 
¶14 Plaintiffs challenged the 2025 Standards and sought an injunction to prevent their enforcement. These 2025 Standards no longer exist. Randall v. Fields, supra. A request for an injunction to prevent an act will become moot if the act is no longer threatened. Truttman v. City of McAlester, 1952 OK 149243 P.2d 355
 
¶15 Relief in the nature of an injunction is authorized by statutes such as 12 O.S. §138112 O.S. §1451remedy for the cause of action adjudicated. Wells v. Childers, 1945 OK 365165 P.2d 371Id. at ¶10, 165 P.2d at 371. Id. 
 
¶16 Generally, different theories of liability may be pressed in support of each cause of action, but a single cause of action is ordinarily predicated upon one occurrence, one transaction, or a single wrong. 
 
¶17 Plaintiffs' petition alleged 75 O.S. §306
 
¶18 Plaintiffs' petition in error assigns seven errors. The first two relate to the jurisdiction of a District Court based upon the Administrative Procedure Act and review of the 2025 Standards. The third relates to the process used by the Oklahoma Department of Education and the State Board of Education and whether the process violated plaintiffs' rights. The fourth relates to the 2025 Standards and plaintiffs' alleged rights to be free from certain types of speech. The fifth relates to plaintiffs' desire to amend their trial court petition. The sixth relates to whether the implementation of the 2025 Standards was a "non-justiciable political question." The seventh relates to the trial court's denial of an injunction.
 
 
¶19 Plaintiffs' cause of action is based upon the alleged wrongfulness of the 2025 Standards allegedly harming plaintiffs' rights. Those standards no longer exist. Plaintiffs' request for an injunction to prevent enforcement of the 2025 Standards is moot. Truttman, supra. Plaintiffs alleged that declaratory relief pursuant to the Administrative Procedures Act should be available for the purpose of reviewing the 2025 Standards. This allegation is moot because the 2025 Standards to be reviewed by this method no longer exist, i.e., the alleged wrong does not exist, and the alleged and requested remedy by declaratory relief would not be proper to address a hypothetical issue. 
 
¶20 Plaintiffs allege as procedural error the trial court's dismissal without opportunity to amend their petition concerning the 2025 Standards. In Oklahoma, a 12 O.S. §2012
 
¶21 A part of a mootness inquiry examines whether any legally cognizable collateral consequences to plaintiffs remain after the Randall decision. Randall.
 
 
¶22 An order of this Court in Randall stayed implementation of the 2025 Standards. This stay was not dissolved until simultaneous holding that the Standards were not enforceable. Randall, 2025 OK 91tare decisis, or a court adhering to its former precedent, stare decisis is not an "inexorable command" for a court to apply the precedent of its own decisions, a court usually does not reject its own decisions unless a change has occurred in the circumstances, applicable law, public policy, or the nature of the controversy requires additional analysis. Randall's stare decisis to plaintiffs in the future.
 
 
¶23 Plaintiffs' cause of action in District Court challenged the same 2025 Standards as those in Randall, but plaintiffs raised issues of law not addressed by Randall; and these additional issues were adjudicated as a failure in plaintiffs' pleading by the District Court judgment adjudicating motions to dismiss relying upon 12 O.S. §201212 O.S. §2012stare decisis from an intervening opinion of this Court moots a legal issue, but not the cause of action; then the Court may reverse the trial court's judgment of dismissal and remand for plaintiff to seek judicial relief on the alleged cause of action not mooted. 
 
¶24 Federal courts have addressed mootness on appeal and whether an appellate remand should include direction to vacate a trial court's judgment. In Mitchell v. Wall, 808 F.3d 1174 (7th Cir. 2015) the court explained the following.
 
 When a case becomes moot on appeal (supposing the present case, so far as it concerns the probation-officer defendants, hadn't become moot already in the district court), the court of appeals generally vacates the judgment of the district court and remands with instructions to dismiss the case. It does this in order to prevent the district court's unreviewed decision from having a preclusive effect in subsequent litigation between the parties.
 
 
Id. 808 F.3d at 1176. Mitchell discussed the concept of an estoppel created by a judgment with a subsequent dismissed moot appeal, and relied upon Gjertsen v. Board of Election Commissioners, 751 F.2d 199 (7th Cir.1984), which in turn relied upon procedure for federal courts described in United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Munsingwear explained an appellate court may dismiss a moot appeal and vacate a judgment with directions to dismiss the trial court action without prejudice upon remand because it "clears the path for future litigation of issues between the parties and eliminates a judgment, review of which was prevented through happenstance." Munsingwear, 340 U.S. at 40. Gjertsen also explained that the "Supreme Court held that since the requirement of vacating the lower-court order when it becomes moot on appeal is for the benefit of the loser in the lower court, he can waive it, and does so by failing to invoke it." Gjertsen, 751 F.2d at 203 (citing United States v. Munsingwear, 340 U.S. at 40-41).
 
 
¶25 We are not required to follow holdings in these federal opinions; 12 O.S. §95212 O.S. §952
 
¶26 A potential for future litigation authorizing vacation of a judgment upon dismissal of an appeal is not identical with the mootness exception based upon a potential for future litigation while evading review. One court concluding mootness did not apply observed that the issue "in this case does not have an inherent problem of limited duration that will cause it to evade review in future litigation." 
 
¶27 Plaintiffs argue they possess a right to District Court judicial review of administrative proceedings and whether such a right exists presents a public interest exception to mootness. Plaintiffs argue a new issue is whether specific education statutes in Title 70, Oklahoma Statutes, alter 75 O.S. §306publici juris for the purpose of assuming original jurisdiction, 75 O.S. §306
 
¶28 One court has held that the substantial public interest exception to mootness of an issue is present "particularly where final determination of the issue is essential in guiding the conduct of public officials." Randall, that is, the scope of a District Court procedure, would not result in a judicial determination that would directly alter conduct of education officials when they create academic standards.
 
 
¶29 In addition to analyzing whether the conduct of public officials will be guided by a judicial decision, a court may review whether a "question of great public importance" is present by determining "if the controversy concerns 'mature seeds' of an actual, present and existing dispute, 'as distinguished from a possible dormant, hypothetical, speculative, or moot disagreement.'"75 O.S. §30670 O.S.2011 §11-103.6a75 O.S. §306
 
III. Conclusion
 
 
¶30 We conclude plaintiffs' action challenging the Social Studies Standards of 2025 and requesting injunctive and declaratory relief is moot because the Social Studies Standards no longer exist. Randall v. Fields, supra. The appeal must be dismissed. Truttman v. City of McAlester, supra, Saxon v. Macy, supra. Two exceptions to mootness to the controversy and the appeal do not apply. Oklahoma Electric Cooperative v. State ex rel. Oklahoma Corporation Commission, supra.
 
 
¶31 We conclude the judgment against plaintiffs must be reversed, and a new judgment entered that dismisses plaintiffs' petition without prejudice due to the mootness of the controversy. 12 O.S. §952Morrison v. Board of Education of Ind. Sch. Dist. No. 6, supra; Saxon v. Macy, supra; and Randall v. Fields, supra. The District Court is directed to enter a judgment dismissing plaintiffs' petition as moot without prejudice.
 
 
¶32 The appeal is dismissed as moot. The judgment of the District Court is reversed with a direction to enter a new judgment consistent with this opinion.
 
 
 

 
¶33 CONCUR: ROWE, C.J.; KUEHN, V.C.J.; WINCHESTER, EDMONDSON, COMBS, GURICH, and DARBY, JJ.
 
 

 

 
¶34 CONCUR IN PART and DISSENT IN PART: KANE, J,. While I concur with the majority that the matter is wholly moot, I dissent to the Court's election to vacate the lower court ruling-a remedy which was requested by no party to this dispute.
 

 
 
¶35 CONCUR IN PART AND DISSENT IN PART: JETT, J., joins KANE, J.
 
 
 

 
FOOTNOTES
 
 

 

 
 

 

 
 

 

 
 

 

 
 

 

 
 

 

 
 

 
20 O.S.2021 §3002See, e.g., Randall v. Fields, 2025 OK 91581 P.3d 109
 
 

 
75 O.S.2021, § 250
 
 

 
70 O.S.2021, §1-10170 O.S. §1-10170 O.S. §§11-101
 
 

 
amici curiae to appear in the appeal and motions to associate counsel pro hac vice in this appeal are denied as moot.
 
 
 

 
Grisham v. City of Oklahoma City, 2017 OK 69404 P.3d 843
 
 

 
House of Realty, Inc. v. City of Midwest City, 2004 OK 97109 P.3d 314
 
 

 
Tulsa Indus. Auth. v. City of Tulsa, 2011 OK 57270 P.3d 113City of Broken Arrow v. Bass Pro Outdoor World, L.L.C., 2011 OK 1250 P.3d 305cf., R. Stern, E. Gressman, & S. Shapiro, Supreme Court Practice §18.3 (6th ed. 1986) ("The refusal of courts to decide cases which have become moot because there is no longer a dispute between contesting parties derives from the common law notion that the function of the judiciary is limited to determining rights and obligations that are actually controverted in the particular case before the court.").
 
 
 

 
See, e.g., Hooper v. City of Tulsa, 71 F.4th 1270, 1273 (10th Cir. 2023) (federal district court's grant of a Rule 12(b)(6) motion to dismiss plaintiff's declaratory judgment claim reversed, plaintiff's attempted appeal from a municipal court was moot, district court directed to dismiss plaintiff's attempted appeal "without prejudice for lack of jurisdiction," and cause was remanded "for proceedings consistent with this opinion"); Mounkes v. Conklin, 922 F.Supp. 1501, 1506 (D. Kan. 1996) ("the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction") (citing Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)); cf. West Va. Highlands Conservancy v. Norton, 161 F.Supp.2d 676, 679 (S.D. W.Va.2001)) (mootness is an Art. III case or controversy question, and although party's motion to dismiss for mootness was pursuant to Rule 12(b)(6), the court "reframes the question as one of the [c]ourt's jurisdiction under Rule 12(b)(1)").
 
 
 

 

 
 

 
Dutton v. City of Midwest City, 2015 OK 51353 P.3d 532
 
 

 

 
 

 
Tulsa Industrial Authority v. City of Tulsa, 2011 OK 57270 P.3d 113Grider v. USX Corp., 1993 OK 13847 P.2d 779
 
 

 
See, e.g., De Roberts v. Town of Cross, 1909 OK 91cf. Calvary Albuquerque Inc. v. Rubio, infra at note 49 (equitable relief may be used to order a vacatur of the trial court judgment although an appeal is dismissed as moot due to the absence of a controversy).
 
 
 

 
Federal Bureau of Investigation, 601 U.S. at 241 (defendant may not moot a case or controversy by merely stopping a challenged practice); cf. Ramirez v. Collier, 595 U.S. 411, 434, 142 S.Ct. 1264, 212 L.Ed.2d 262 (2022) (a party's inequitable conduct can change whether equitable relief is proper for that party).
 
 
 

 
Lawrence v. Cleveland County Home Loan Authority, 1981 OK 28626 P.2d 314Saxon v. Macy, 1990 OK 60795 P.2d 101
 
 

 
Truttman relied on Weekly v. State ex rel. Criswell, 1950 OK 296224 P.2d 593Childers v. Wallace, 1946 OK 162169 P.2d 186
 
 

 
12 O.S.2021 §1381
 
 

 
12 O.S.2021 §1451
 
 

 
See, e.g., Pike Off OTA, Inc. et al., v. Oklahoma Turnpike Auth., 2023 OK 57531 P.3d 107Leathers v. Commercial Nat. Bank in Muskogee, 1965 OK 200410 P.2d 541
 
 

 
Amoco Production Co. v. Lindley, 1980 OK 6609 P.2d 733
 
 

 
Landry v. Acme Flour Mills Co., 1949 OK 170211 P.2d 512
 
 

 
Black's Law Dictionary 1364 (4th ed. 1951) (Pro tanto. "For so much: for as much as may be; as far as it goes.").
 
 
 

 
See also Skouby v. Board of Educ. of Schl Dist. No. 60, 1930 OK 273288 P. 461Univ. of Tex. v. Camenisch, 451 U.S. 390, 398 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) (right to a preliminary injunction was moot but right to damages remained "for trial on the merits" upon remand).
 
 
 

 
Rodgers v. Higgins, 1993 OK 45871 P.2d 398
 
 

 
American Natural Resources, LLC v. Eagle Rock Energy Partners, LP, 2016 OK 67374 P.3d 766
 
 

 
Knight v. Miller, 2008 OK 81195 P.3d 372
 
 

 
Berkson v. State ex rel. Askins, 2023 OK 70532 P.3d 36
 
 

 
State ex el. Oklahoma Bar Ass'n v. Bailey, 2023 OK 4530 P.3d 24Shawareb v. SSM Health Care of Okla., Inc., 2020 OK 92480 P.3d 894Henry v. Corp. Comm'n of State of Okla., 1990 OK 104825 P.2d 1262Deck v. Missouri, 544 U.S. 622, 633, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005); In re K.H., 2021 OK 33507 P.3d 647
 
 

 
In re D. B. W., 1980 OK 125616 P.2d 1149cf. Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 569-70, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984) (issue of mootness included whether circumstances continued "to have an impact on the parties such that the case remains alive"); see also, Id., 467 U.S. at 585 (O'Connor, J., concurring) ("When collateral effects of a dispute remain and continue to affect the relationship of litigants, the case is not moot.") (note omitted).
 
 
 

 
In re D. B. W., 1980 OK 125
 
 

 
Johnson v. CSAA General Ins. Co., 2020 OK 110478 P.3d 422
 
 

 
Stare decisis, "[t]o abide by, or adhere to, decided cases." Black's Law Dictionary, 1577 (5th ed. 1951), has a vertical plane when a lower court applies precedent from a higher court, and a horizontal plane when a court applies its precedent to itself. See, e.g., Thomas R. Lee, Stare Decisis in Historical Perspective: From the Founding Era to the Rehnquist Court, 52 Vand. L. Rev. 647, 664, n.84, & 667-81 (1999) (difference between vertical and horizontal planes of stare decisis, and the Marshall Court's treatment of horizontal precedent and justification for departing therefrom).
 
 
 

 
State Oil Co. v. Khan, 522 U.S. 3, 20, 118 S. Ct. 275, 139 L.Ed.2d 199 (1997).
 
 
 

 
See, e.g., Matter of Estate of Middleton, 2018 OK 7412 P.3d 96State Oil Co. v. Khan, 522 U.S. 3, 20, 118 S. Ct. 275, 139 L.Ed.2d 199 (1997) (changed circumstances, lessons of accumulated experience, presumption concerning deference to legislative action, and when a legislative body expects courts to draw on a common-law tradition); Janus v AFSCME Council 31, 585 U.S. 878, 917, 138 S. Ct. 2448, 201 L Ed 2d 924 (2018), (Stare decisis "is at its weakest" when the Constitution is interpreted because the interpretation can be altered only by constitutional amendment or by overruling a prior decision, and stare decisis applies with perhaps least force of all to decisions that wrongly denied First Amendment rights.).
 
 
 

 
Berkson v. State ex rel. Askins, supra at note 33, 2023 OK 7012 O.S. § 2012
 
 

 
Guzman v. Guzman, 2021 OK 26507 P.3d 630Knox v. Oklahoma Gas and Electric Co., 2024 OK 37549 P.3d 126012 O.S. §2012
 
 

 
Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice...Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice.") (material and citations omitted); cf. Dozier v. Ford Motor Co., 227 U.S.App.D.C. 1, 702 F.2d 1189, 1194-95 (D.C.Cir.1982) (Scalia, J., for court) ("res judicata has application to questions of jurisdiction;" but res judicata effect of a dismissal for lack of subject matter jurisdiction did not preclude plaintiff from proceeding with claim in a state court); Cassidy v. Bd. of Educ. of Prince George's Cnty., 316 Md. 50, 557 A.2d 227, 231-32 (1989) ("a judgment on demurrer, based merely on formal or technical defects and raising only a question of pleading or want of jurisdiction, is no bar to a second action for [the] same cause," and Dozier not applied) (quoting Moodhe v. Schenker, 176 Md. 259, 4 A.2d 453, 457 (1939)).
 
 
 

 
See, e.g., Martin v. Gray, 2016 OK 114385 P.3d 64
 
 

 
Casida v. Coffey, 2007 OK 14154 P.3d 1274
 
 

 
Morrison v. Board of Education of Ind. Sch. Dist. No. 6, 1967 OK 36424 P.2d 963
 
 

 
Anco Mfg. & Supply Co., Inc. v. Swank, 1974 OK 78524 P.2d 7
 
 

 
Branch Trucking Co. v. State ex rel. Okla. Tax Comm'n, 1990 OK 41801 P.2d 686
 
 

 
See also Calvary Albuquerque Inc. v. Rubio, 154 F.4th 1246, 1250 (10th Cir. 2025) (Munsingwear applied and described vacatur of a judgment as an equitable remedy used when an appeal is dismissed as moot).
 
 
 

 
See, e.g., Dority v. Green Country Castings Corp., 1986 OK 67727 P.2d 1355Dice v. Akron, Canton & Youngstown R.R., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952) (federal law and not state law governing a release of claims must be applied in a state court case under the Federal Employers' Liability Act [45 U.S.C.A. §§51 et seq]).
 
 
 

 
See, e.g., State ex rel. Okla. Firefighters Pension and Retirement System v. City of Spencer, 2009 OK 73237 P.3d 125cf. Crest Infiniti, II, LP v. Swinton, 2007 OK 77
 
 

 
12 O.S.2021, §952
 
 

 
See, e.g., Federal Land Bank of Wichita v. American Bank & Trust Co., 1991 OK 91823 P.2d 359OBI Holding Co. v. Schultz-Butzbach, 2025 OK 55579 P.3d 581
 
 

 
Affiliated Ute Citizens of Utah v. Ute Indian Tribe of Uintah & Ouray Rsrv., 22 F.3d 254, 256 n.1 (10th Cir.1994).
 
 
 

 
Sanders v. Turn Key Health Clinics, 2025 OK 19566 P.3d 591
 
 

 
DeFunis v. Odegaard, 84 Wash.2d 617, 529 P.2d 438Ackerley Communications, Inc. v. City of Seattle, 92 Wash. 2d 905, 602 P.2d 1177en banc).
 
 
 

 
Ackerley Communications, Inc., supra note 56, 602 P.2d at 1183; cf., Commodity Futures Trading Comm'n v. Board of Trade, 701 F.2d 653, 655 (7th Cir. 1983) ("Although mootness is sometimes painted in black and white...it should be painted in shades of gray, since few controversies are wholly beyond the power of changed circumstances to revive....") (material and citation omitted).
 
 
.
 
 
 

 
70 O.S.2021 §11-103.6a
 
 

 
Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803).