2014 OK 118

Rachael Montgomery, individually,
Plaintiff/Respondent,

Rachael MONTGOMERY, as natural
mother of Noah Orcutt, and
Noah Orcutt, Plaintiffs,

v.

Morgan POTTER, Defendant/Petitioner.

No. 111,928.

Supreme Court of Oklahoma.

Dec. 6, 2014.

Joseph M. Norwood, Norwood Law Firm, Tulsa, Oklahoma, for Plaintiff/Respondent.

Reid E. Robison, Philip D. Hart and Michael K. Avery, McAfee & Taft, Oklahoma City, Oklahoma, and J. Craig Buchan and Jennifer Ary–Hogue, Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco, Tulsa, Oklahoma, for Defendant/Petitioner.

WINCHESTER, J.

¶ 1 This appeal involves an action for auto negligence arising out of injuries sustained by Plaintiffs, Rachael Montgomery ("Montgomery"), and her three year old son, Noah Orcutt, on December 13, 2011. Montgomery was rear-ended by Defendant, Morgan Pot-

ter, who claims that her car brakes failed. As a result of Defendant's negligence, Montgomery alleges she sustained a severe back injury that requires surgery. Among other damages sought by Plaintiffs, Montgomery seeks damages for her pain and suffering.

¶ 2 At the time of the accident, Montgomery admits that she was driving uninsured as her automobile insurance had lapsed approximately sixty days prior. Pursuant to 47 O.S.2011 § 7–116, Defendant alleges that Montgomery is precluded from seeking pain and suffering damages due to her status as an uninsured driver. Plaintiffs challenge the constitutionality of § 7–116, asserting that the statute is a special law violative of art. 5, § 46 of the Oklahoma Constitution. Montgomery filed a motion for declaratory relief asking the trial court to find § 7–116 unconstitutional. The trial court agreed and declared the statute an unconstitutional special law. Defendant appeals by certified interlocutory order and we previously granted certiorari.

### DISCUSSION

¶ 3 The sole issue before the Court is whether 47 O.S.2011, § 7–116 is a constitutional law. Section 7–116, known as the No Pay, No Play law, prohibits uninsured drivers from the recovery of damages for pain and suffering in automobile accident cases with the exception of certain circumstances, none of which applies to Montgomery.[1]

¶ 4 Among other arguments, Plaintiffs assert § 7–116 violates the special law proscription of art. 5, § 46 of the Oklahoma Constitution which provides that the Legislature may not create a local or special law involving specific activities enumerated therein. Among the prohibited activities, the constitutional provision forbids a special law "[r]egulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts ..." Okla. Const. art. 5, § 46.

¶ 5 Plaintiffs contend the statute is an impermissible special law which affects only victims of auto accidents who are uninsured, carving out this special class from the more general class of all victims of auto accidents. Defendant insists that the statute applies to all uninsured drivers equally and is general in its application. We disagree with Defendant's characterization of the class and find § 7–116 to be an unconstitutional, special law.

¶ 6 This Court faced a similar special law challenge in *Zeier v. Zimmer,* 2006 OK 98, 152 P.3d 861, where we struck down a statute as an unconstitutional special law where it required claimants in medical malpractice actions, as opposed to the more general class of all negligence claimants, to attach an affidavit of merit upon the filing of an action. In *Zeier,* the Court held:

> The terms of art. 5, § 46 command that court procedure be symmetrical and apply equally across the board for an entire class of similarly situated persons or things. **In a special laws attack under art. 5, § 46, the only issue to be resolved is whether a statute upon a subject enumerated in the constitutional provision targets for different treatment less than an entire class of similarly situated persons or things.** The test is whether the provision fits into the structured regime of established procedure as part of a symmetrical whole. If an enactment injects asymme-

---

1. Specifically, the statute provides that "in any civil action to recover damages arising out of an accident involving the operation of a motor vehicle or for any claim against the motor vehicle liability insurance coverage of another party, the maximum amount that a plaintiff or claimant may receive, if the plaintiff or claimant is not in compliance with the Compulsory Insurance Law, shall be limited to the amount of medical costs, property damage, and lost income and shall not include any award for pain and suffering." 47 O.S.2011, § 7–116(A).

Section 7–116 does not apply: (1) where the claimant was injured by another driver operating under the influence of drugs or alcohol, (2) to passengers in the vehicle who were not the owner of the vehicle, (3) to claims for wrongful death, (4) if the claimant was not in the vehicle involved in the accident, (5) to accidents intentionally caused by another, by one who left the scene of the accident or by one who was acting feloniously at the time, (6) if the claimant is a dependent whose parents were not in compliance, or (7) the claimant had previously been validly covered, unless the claimant had received notice of termination at least 30 days before the accident. 47 O.S.2011, § 7–116(B).

try, the § 46 interdiction of special law has been offended.

*Zeier*, 2006 OK 98, ¶ 13, 152 P.3d at 867. (Footnotes omitted.) (Emphasis original.)

¶ 7 A statute is a special law where a part of an entire class of similarly affected persons is separated for different treatment. *Reynolds v. Porter*, 1988 OK 88, ¶ 14, 760 P.2d 816, 822. In this case, the class of similarly affected persons is plaintiffs in cases of automobile negligence. A general class has been identified in 23 O.S.2011, § 61.2 which allows for all plaintiffs with bodily injury the ability to recover pain and suffering.[2] Section 7–116 has targeted specific individuals within that class, those not in compliance with Oklahoma's Compulsory Insurance Law, to receive special treatment in the form of limited remedies, regardless of whether the plaintiff was at fault in causing the accident or not.[3] The statute holds uninsured drivers to different and much stricter standards than other plaintiffs in automobile negligence cases.

¶ 8 Like the claimants in *Zeier*, it is clear that § 7–116 "sets aside a subset of negligence plaintiffs for different" treatment based on the status of a plaintiff's automobile insurance coverage. *Zeier*, 2006 OK 98, ¶ 17, 152 P.3d at 868. Section 7–116 creates an impermissible special class by restricting damages in civil negligence actions for victims who also happen to be uninsured drivers while the general class of automobile accident victims is not prevented from the recovery of damages for pain and suffering. Because 47 O.S.2011, § 7–116 impacts less than an entire class of similarly situated claimants it is under-inclusive and, therefore, we find it to be an unconstitutional special law prohibited by art. 5, § 46 of the Oklahoma Constitution.

**PETITION FOR CERTIORARI TO REVIEW A CERTIFIED INTERLOCUTORY**

2. Title 23 O.S.2011, § 61.2 provides that "in any civil action arising from a claimed bodily injury, the amount of compensation which a trier of fact may award a plaintiff for noneconomic loss shall not exceed" $350,000.

**ORDER PREVIOUSLY GRANTED; AFFIRMED.**

**ALL JUSTICES CONCUR.**

3. The Compulsory Liability Insurance Law is codified as Article VI of Chapter 7 of Title 47. It begins at 47 O.S.2011 §§ 7–600 et seq.