OSCN Found Document:MONTGOMERY v. POTTER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MONTGOMERY v. POTTER
2014 OK 118
Case Number: 111928
Decided: 12/16/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 118, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

RACHAEL MONTGOMERY, individually, Plaintiff/Respondent,
RACHAEL MONTGOMERY, as natural mother of Noah Orcutt, and NOAH ORCUTT, Plaintiffs,
v.
MORGAN POTTER, Defendant/Petitioner.

CERTIORARI TO REVIEW INTERLOCUTORY ORDER

¶0 Plaintiffs filed a negligence action against Defendant arising out of an automobile accident. Plaintiffs were rear-ended by Defendant and seek damages for medical expenses, personal injury, and pain and suffering. Plaintiff, Rachael Montgomery, was an uninsured driver at the time of the accident. Citing 47 O.S. Supp. 2011, § 7-116, which prevents uninsured motorists from recovering certain non-economic damages such as pain and suffering, Defendant denies that Montgomery is entitled to damages for pain and suffering. Plaintiffs argue that § 7-116 is a special law in violation of art. 5, § 46 of the Oklahoma Constitution and filed a motion for declaratory relief declaring the statute unconstitutional. The trial court ruled in Plaintiffs' favor, striking down § 7-116 as an improper, special law. Defendant appealed and the trial court certified its ruling for interlocutory review. We previously granted the writ of certiorari.

PETITION FOR CERTIORARI TO REVIEW A CERTIFIED INTERLOCUTORY 
ORDER PREVIOUSLY GRANTED; AFFIRMED.

Joseph M. Norwood, Norwood Law Firm, Tulsa, Oklahoma, for Plaintiff/Respondent.
Reid E. Robison, Philip D. Hart and Michael K. Avery, McAfee & Taft, Oklahoma City, Oklahoma, and J. Craig Buchan and Jennifer Ary-Hogue, Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco, Tulsa, Oklahoma, for Defendant/Petitioner.

Winchester, J.

¶1 This appeal involves an action for auto negligence arising out of injuries sustained by Plaintiffs, Rachael Montgomery ("Montgomery"), and her three year old son, Noah Orcutt, on December 13, 2011. Montgomery was rear-ended by Defendant, Morgan Potter, who claims that her car brakes failed. As a result of Defendant's negligence, Montgomery alleges she sustained a severe back injury that requires surgery. Among other damages sought by Plaintiffs, Montgomery seeks damages for her pain and suffering.

¶2 At the time of the accident, Montgomery admits that she was driving uninsured as her automobile insurance had lapsed approximately sixty days prior. Pursuant to 47 O.S.2011 § 7-116, Defendant alleges that Montgomery is precluded from seeking pain and suffering damages due to her status as an uninsured driver. Plaintiffs challenge the constitutionality of § 7-116, asserting that the statute is a special law violative of art. 5, § 46 of the Oklahoma Constitution. Montgomery filed a motion for declaratory relief asking the trial court to find § 7-116 unconstitutional. The trial court agreed and declared the statute an unconstitutional special law. Defendant appeals by certified interlocutory order and we previously granted certiorari.

DISCUSSION

¶3 The sole issue before the Court is whether 47 O.S.2011, § 7-116 is a constitutional law. Section 7-116, known as the No Pay, No Play law, prohibits uninsured drivers from the recovery of damages for pain and suffering in automobile accident cases with the exception of certain circumstances, none of which applies to Montgomery.[1]

¶4 Among other arguments, Plaintiffs assert § 7-116 violates the special law proscription of art. 5, § 46 of the Oklahoma Constitution which provides that the Legislature may not create a local or special law involving specific activities enumerated therein. Among the prohibited activities, the constitutional provision forbids a special law "[r]egulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts." Okla. Const. art. 5, § 46.

¶5 Plaintiffs contend the statute is an impermissible special law which affects only victims of auto accidents who are uninsured, carving out this special class from the more general class of all victims of auto accidents. Defendant insists that the statute applies to all uninsured drivers equally and is general in its application. We disagree with Defendant's characterization of the class and find § 7-116 to be an unconstitutional, special law.

¶6 This Court faced a similar special law challenge in Zeier v. Zimmer, 2006 OK 98, 152 P.3d 861, where we struck down a statute as an unconstitutional special law where it required claimants in medical malpractice actions, as opposed to the more general class of all negligence claimants, to attach an affidavit of merit upon the filing of an action. In Zeier, the Court held:

The terms of art. 5, § 46 command that court procedure be symmetrical and apply equally across the board for an entire class of similarly situated persons or things. In a special laws attack under art. 5, § 46, the only issue to be resolved is whether a statute upon a subject enumerated in the constitutional provision targets for different treatment less than an entire class of similarly situated persons or things. The test is whether the provision fits into the structured regime of established procedure as part of a symmetrical whole. If an enactment injects asymmetry, the § 46 interdiction of special law has been offended.

Zeier, 2006 OK 98, ¶ 13, 152 P.3d at 867. (Footnotes omitted.) (Emphasis original.)

¶7 A statute is a special law where a part of an entire class of similarly affected persons is separated for different treatment. Reynolds v. Porter, 1988 OK 88, ¶ 14, 760 P.2d 816, 822. In this case, the class of similarly affected persons is plaintiffs in cases of automobile negligence. A general class has been identified in 23 O.S.2011, § 61.2 which allows for all plaintiffs with bodily injury the ability to recover pain and suffering.[2] Section 7-116 has targeted specific individuals within that class, those not in compliance with Oklahoma's Compulsory Insurance Law, to receive special treatment in the form of limited remedies, regardless of whether the plaintiff was at fault in causing the accident or not.[3] The statute holds uninsured drivers to different and much stricter standards than other plaintiffs in automobile negligence cases.

¶8 Like the claimants in Zeier, it is clear that § 7-116 "sets aside a subset of negligence plaintiffs for different" treatment based on the status of a plaintiff's automobile insurance coverage. Zeier, 2006 OK 98, ¶ 17, 152 P.3d at 868. Section 7-116 creates an impermissible special class by restricting damages in civil negligence actions for victims who also happen to be uninsured drivers while the general class of automobile accident victims is not prevented from the recovery of damages for pain and suffering. Because 47 O.S.2011, § 7-116 impacts less than an entire class of similarly situated claimants it is under-inclusive and, therefore, we find it to be an unconstitutional special law prohibited by art. 5, § 46 of the Oklahoma Constitution.

PETITION FOR CERTIORARI TO REVIEW A CERTIFIED INTERLOCUTORY
ORDER PREVIOUSLY GRANTED; AFFIRMED.

ALL JUSTICES CONCUR

FOOTNOTES

[1] Specifically, the statute provides that "in any civil action to recover damages arising out of an accident involving the operation of a motor vehicle or for any claim against the motor vehicle liability insurance coverage of another party, the maximum amount that a plaintiff or claimant may receive, if the plaintiff or claimant is not in compliance with the Compulsory Insurance Law, shall be limited to the amount of medical costs, property damage, and lost income and shall not include any award for pain and suffering." 47 O.S.2011, § 7-116 (A).

Section 7-116 does not apply: (1) where the claimant was injured by another driver operating under the influence of drugs or alcohol, (2) to passengers in the vehicle who were not the owner of the vehicle, (3) to claims for wrongful death, (4) if the claimant was not in the vehicle involved in the accident, (5) to accidents intentionally caused by another, by one who left the scene of the accident or by one who was acting feloniously at the time, (6) if the claimant is a dependent whose parents were not in compliance, or (7) the claimant had previously been validly covered, unless the claimant had received notice of termination at least 30 days before the accident. 47 O.S.2011, § 7-116 (B).

[2] Title 23 O.S.2011, § 61.2 provides that "in any civil action arising from a claimed bodily injury, the amount of compensation which a trier of fact may award a plaintiff for noneconomic loss shall not exceed" $350,000.

[3] The Compulsory Liability Insurance Law is codified as Article VI of Chapter 7 of Title 47. It begins at 47 O.S. 2011 §§ 7-600 et seq.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 88, 760 P.2d 816, 59 OBJ 1987, Reynolds v. Porter
Discussed
 2006 OK 98, 152 P.3d 861, ZEIER v. ZIMMER, INC.
Discussed at Length
Title 23. Damages
 Cite
Name
Level

 23 O.S. 61.2, Limitations on Damages for Bodily Injury - Exceptions - Content of General Verdict and Interrogatories - Jury Instructions
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 7-116, Limitation on Recovery if Not in Compliance with Compulsory Insurance Law - Exceptions to Limit - Who May Assert Limit
Discussed at Length
 47 O.S. 7-600, Definitions
Cited