OSCN Found Document:OBI HOLDING COMPANY, ET. AL v. SCHULTZ-BUTZBACH AND THE WORKERS COMPENSATION COMMISSION

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 OBI HOLDING COMPANY, ET. AL v. SCHULTZ-BUTZBACH AND THE WORKERS COMPENSATION COMMISSION
2025 OK 55
Case Number: 122347
Decided: 09/09/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 55, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

OBI HOLDING COMPANY and SENTRY CASUALTY COMPANY, Petitioners/Appellants,
v.
SHANEESE T. SCHULTZ-BUTZBACH and THE WORKERS' COMPENSATION COMMISSION, Respondents/Appellees.

ON APPEAL FROM THE WORKERS' COMPENSATION COMMISSION 

¶0 Employer moved to dismiss Employee's claim pursuant to 85A O.S. § 69

MATTER PREVIOUSLY RETAINED FOR DISPOSITION;
ORDER OF THE WORKERS' COMPENSATION COMMISSION VACATED;
MOTION TO DISMISS GRANTED. 

Patrick S. Parr, McANANY, VAN CLEAVE, & PHILLIPS, P.A., Tulsa, Oklahoma for Petitioner/Appellants, OBI Holding Company and Sentry Casualty Company.

J. Kord Hammert, Oklahoma City, Oklahoma for Respondent/Appellee, Shaneese Schultz-Butzbach.

OPINION

ROWE, C.J.:

BACKGROUND

¶1 Shaneese Schultz-Butzbach ("Employee") claimed that her knee was injured at work. She timely filed a CC-Form 3 and filed a Form 9 Request for Hearing seeking medical and indemnity benefits under the Administrative Workers' Compensation Act. 

¶2 After six months passed, during which Employee was not seen by Dr. Hargrove and no further pleadings were filed or hearings held, Employer filed for dismissal of the case. 85A O.S. § 69

¶3 Relying on White v. 918 Construction, 2023 OK CIV APP 2 affirmed ALJ's Order and Employer subsequently sought review by this Court.

STANDARD OF REVIEW 

¶4 Title 85A O.S. § 78

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary and capricious;

7. Procured by fraud; or

8. Missing findings of facts on issues essential to the decision.

85A O.S. § 78de novo. Schlumberger Tech. Corp. v. Paredes, 2023 OK 42528 P.3d 772De novo review involves a plenary, independent, and non-deferential examination of the issues presented. Benedetti v. Cimarex Energy Co., 2018 OK 21415 P.3d 43

DISCUSSION 

¶5 Employer disagrees with ALJ and Commission's interpretation of 85A O.S. § 6985A O.S. § 69

If a claim for benefits has been timely filed under paragraph 1

a. make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6) months of the date the claim is filed, or

b. receive or seek benefits, including medical treatment, under this title for a period of six (6) months,

then on motion by the employer, the claim shall be dismissed with prejudice.

ALJ and Commission determined that because Employee requested a hearing within six months of the date her claim was filed, in satisfaction of subsection (a), inquiry into whether she received or sought benefits in satisfaction of subsection (b) was not necessary. ALJ and Commission relied on White v. 918 Construction, 2023 OK CIV APP 2524 P.3d 502to

¶6 Employer argues any reliance on White is flawed as applied to the facts of this case. satisfied for ongoing periods of six months. Employer argues the purpose of § 69(A)(4) is to ensure a claim is actively pursued, and if a claim could indefinitely avoid dismissal by filing a request for hearing within six months from the date the claim is filed, the purpose behind § 69(A)(4) would be thwarted. In response, Employee contends ALJ and Commission correctly relied on White, arguing satisfaction of § 69(A)(4)(b) is not necessary once § 69(A)(4)(a) is satisfied. 

¶7 We agree with Employer that reliance on White is misguided as COCA's analysis is inapplicable to the facts before us. White strictly focused on the immediate six month time period following the filing of the CC-Form 3 which is not at issue here.

¶8 Whether Commission's order is contrary to 85(A) O.S. § 69(A)(4) requires statutory interpretation. "The cardinal rule of statutory interpretation is to ascertain and give effect to legislative intent and purpose as expressed by the statutory language." Odom v. Penske Truck Leasing Co., 2018 OK 23415 P.3d 521Id. "Intent is ascertained from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each." Keating v. Edmondson, 2001 OK 11037 P.3d 882Odom, ¶ 18, 415 P.3d at 528. The test for ambiguity in a statute is whether the statutory language is susceptible to more than one reasonable interpretation. Am. Airlines, Inc. v. State ex rel. Okla. Tax Comm'n, 2014 OK 95341 P.3d 56Odom, ¶ 18, 415 P.3d at 528.

I. Under (A)(4), Employee's failure to seek or request benefits for a period of six months triggered dismissal. 

¶9 To ascertain legislative intent, we begin with the text. Section 69(A)(4) states:

If a claim for benefits has been timely filed under paragraph 1 of this subsection and the employee does not:

a. make a good-faith request for a hearing to resolve a dispute regarding the right to receive benefits, including medical treatment, under this title within six (6) months of the date the claim is filed, or

b. receive or seek benefits, including medical treatment, under this title for a period of six (6) months,

then on motion by the employer, the claim shall be dismissed with prejudice.

85(A) O.S. § 69(A)(4) (emphasis added). The text highlights two distinct time periods: (1) within six months of the date the claim is filed, and (2) for a period of six months. If subsection (a) is not satisfied within six months of the date the claim is filed, subsection (b) must be satisfied during the requisite six months to avoid dismissal. If subsection (a) is satisfied--or is inapplicable--subsection (b) requires that an employee must receive or seek benefits for a period of six months. In other words, subsection (b) remains operative after the initial six months outlined in subsection (a) have passed. The subsequent six months outlined in subsection (b) requires the employee to receive or seek benefits during any period of six months.

¶10 Looking at § 69 in its entirety, the statute requires employees to not only timely file their claims, but also to actively pursue their claims. See 85A O.S. § 69Schlumberger Technology Corp. v. Paredes, we analyzed 85A O.S. § 692023 OK 42528 P.3d 772Id. ¶ 12.

¶11 To read § 69(A)(4) to mean satisfaction of subsection (a) immunizes an employee from future dismissal would be contrary to the statute's clear purpose of preventing stale or inactive claims. Both subsections (a) and (b) are independent conditions--each with distinct timing--that serve the statute's purpose. For example, even if subsection (a) is satisfied--or does not apply because there is no dispute--the statute requires compliance with subsection (b) to avoid dismissal. Satisfaction of subsection (a) does not negate compliance with subsection (b); rather, once subsection (a) is met, the statute imposes an ongoing obligation under subsection (b). Our interpretation gives effect to both subsections: subsection (a) ensures a prompt request for a hearing to resolve an existing dispute regarding the right to receive benefits, while subsection (b) requires the employee's continued diligence. Under the plain language of the statute, failure to receive or seek benefits for a period of six months subjects a claim to dismissal.

¶12 Here, Employee requested a hearing within six months following the filing of her claim in satisfaction of subsection (a). But Employee did not receive or seek medical benefits for nine months following her last visit with Dr. Hargrove. Employee's failure to receive or seek medical benefits for a period of six months triggered Employer's right to move for dismissal. To find otherwise would undermine the manifest intent of § 69(A)(4): to encourage employees to actively pursue their claims.

¶13 We hold 85A O.S. § 69

II. Title (A)(4) is constitutionally firm. 

¶14 Employee asserts that § 69(A)(4) is a special law violative of Article 5, § 46 of the Oklahoma Constitution. Employee contends § 69(A)(4) allows Employer unlimited time to prepare its case but permits Employee only six months to prepare her case after her case is filed. Employee asserts § 69(A)(4)'s "asymmetry" extinguishes her "property right." 

¶15 When considering the constitutionality of a statute, courts are guided by well-established principles and a heavy burden is placed upon those challenging the constitutionality of a legislative enactment. Hill v. Am. Med. Response, 2018 OK 57423 P.3d 1119Id. A legislative act is presumed to be constitutional and will be upheld by this Court unless it is clearly, palpably and plainly inconsistent with the Constitution. Id.

A. Title (A)(4) is not a special law in violation of Article 5, § 46 of the Oklahoma Constitution. 

¶16 A statute is considered a "special law" where part of an entire class of similarly affected persons is separated for different treatment. Zeier v. Zimmer, Inc., 2006 OK 98152 P.3d 861

The terms of art. 5, § 46 command that court procedure be symmetrical and apply equally across the board for an entire class of similarly situated persons or things. In a special laws attack under art. 5, § 46, the only issue to be resolved is whether a statute upon a subject enumerated in the constitutional provision targets for different treatment less than an entire class of similarly situated persons or things. The test is whether the provision fits into the structured regime of established procedure as part of a symmetrical whole. If an enactment injects asymmetry, the § 46 interdiction of special law has been offended.

Montgomery v. Potter, 2014 OK 118341 P.3d 660Id.

¶17 Employee asserts § 69(A)(4) provides asymmetry between an employee and employer, such that an employer has unlimited time to prepare its case, but an employee only has six months once her claim is initiated. Employee's argument misses the mark--injured employees and employers are different classes and are not similarly affected persons treated differently. The question of whether a statute is a special law focuses on the treatment of one class of persons, not two different classes of persons. For example, this Court determined in Graham v. D & K Oilfield Services, Inc., 2017 OK 72404 P.3d 863

¶18 Here, the Administrative Workers' Compensation Act, including § 69(A)(4), applies to all injured employees after they have filed their claim. Section 69(A)(4) does not target injured employees for different treatment; rather, the Legislature enacted § 69(A)(4) to ensure all injured employees actively pursue their claims once initiated. Accordingly, we hold that 85A O.S. § 69

B. Title (A)(4) is not a forfeiture provision and does not deprive Employee of due process. 

¶19 Employee asserts application of 85A O.S. § 69Gibby v. Hobby Lobby Stores, Inc., 2017 OK 78404 P.3d 44

¶20 In Gibby, employee was injured at work and was provided temporary total disability and medical benefits. Id. ¶ 2, 404 P.3d at 46. Employee subsequently sought permanent partial disability, but his employer asserted that section 57 of the Administrative Workers' Compensation Act prohibited employee from receiving any further workers' compensation benefits because he had missed two or more scheduled medical appointments without a valid excuse or notice to his employer. Id. After balancing the rights of employers and employees, we determined section 57 forfeited all workers' compensation benefits when an injured employee missed two or more medical appointments. Id. ¶ 10, 404 P.3d at 47. We struck section 57 as unconstitutional because "the forfeiture provision tip[ped] the delicate balance achieved in the Grand Bargain too far in favor of employers and therefore it fail[ed] to provide an adequate substitute remedy to injured workers as required by the constitutional mandate of Article II, section 6." Id. ¶ 13.

¶21 Here, Employee is not unconstitutionally deprived of her remedy. Rather, § 69(A)(4) requires Employee to actively pursue her claim by receiving or seeking benefits for a period of six months. In fact, all § 69(A)(4) requires of Employee is that she receive or seek benefits for a period of six months to keep her claim alive. The requirement that Employee receive or seek benefits for a period of six months is not a penalty placed upon her, but rather encourages her to diligently pursue her claim and provides notice to Employer that the claim is ongoing. Unlike the statute in Gibby, § 69(A)(4) does not tip "the delicate balance achieved in the Grand Bargain too far in favor of employers . . ." because Employee had ample opportunity to pursue her claim in satisfaction of subsection (b). Gibby, ¶ 13, 404 P.3d at 47.

¶22 Lastly, the statute's requirement that Employee receive or seek benefits for a period of six months does not deprive Employee of due process of law. Article 2, § 7 of the Oklahoma Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law." Okla. Const. art. 2, § 7. Although the Legislature may "alter private contractual rights of employers and employees when it properly exercises its police power in creating a particular workers' compensation law," the Legislature may not deprive such rights, once conferred, without appropriate procedural safeguards. Schlumberger Tech. Corp. v. Paredes, 2023 OK 42528 P.3d 772Hill v. Am. Med. Response, 2018 OK 57423 P.3d 1119

¶23 The requirement that an employee receive or seek benefits for a period of six months bears a rational relationship to the State's legitimate interest of efficient resolution of workers' compensation claims. The requirement reasonably advances the State's interest by ensuring that employees diligently pursue their claims. Accordingly, we agree with Employer that § 69(A)(4)'s requirement reasonably advances the State's interest of efficient resolution of workers' compensations claims.

CONCLUSION

¶24 Employer filed a motion to dismiss pursuant to 85A O.S. § 6985A O.S. § 69

¶25 Furthermore, Employee's arguments that § 69(A)(4) is unconstitutional fail. The statute does not violate Article 5, § 46 of the Oklahoma Constitution because it does not treat injured employees differently. The statute is also not a forfeiture provision, as it does not take away Employee's right to pursue her claim. Additionally, the statute does not violate due process, since it reasonably advances the State's interest of efficient resolution of workers' compensations claims. Accordingly, we hold 85A O.S. § 69

MATTER PREVIOUSLY RETAINED FOR DISPOSITION;
ORDER OF THE WORKERS' COMPENSATION COMMISSION VACATED;
MOTION TO DISMISS GRANTED. 

Rowe, C.J., Kuehn, V.C.J., Edmondson, Gurich, Darby, Kane and Jett, JJ., concur.

Combs, J., dissents.

Winchester, J., not participating.

FOOTNOTES

See infra ¶ 5.

85A O.S. § 69

"A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this title."

Arulkumar v. Arulkumar, 2022 OK 90521 P.3d 131White because it is the seminal case relied upon by Commission, ALJ, and both parties. In White, the employee filed a CC Form-3, alleging he suffered a work-related injury while working for his employer. White, ¶ 2, 524 P.3d 50285A O.S. § 69Id. The Court of Civil Appeals ("COCA") interpreted § 69(A)(4) to mean if an employee satisfies either subsection (a) or subsection (b) of § 69(A)(4) during the six months after the filing of a claim, his claim will not be dismissed. More specifically, COCA stated:

[Title 85A O.S. § 69

Id., ¶ 4, 525 P.3d at 504. In line with its interpretation, COCA determined that although employee did not satisfy subsection (a), employee "sought benefits" by actively participating in good faith discovery in satisfaction of subsection (b) and reversed the Commission's dismissal. Id. ¶ 8, 524 P.3d at 505.

A. Time for Filing.

1. A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Workers' Compensation Commission within one (1) year from the date of the injury or, if the employee has received benefits under this title for the injury, six (6) months from the date of the last issuance of such benefits. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this title.

2. a. A claim for compensation for disability on account of injury which is either an occupational disease or occupational infection shall be barred unless filed with the Commission within two (2) years from the date of the last injurious exposure to the hazards of the disease or infection.

b. A claim for compensation for disability on account of silicosis or asbestosis shall be filed with the Commission within one (1) year after the time of disablement, and the disablement shall occur within three (3) years from the date of the last injurious exposure to the hazard of silicosis or asbestosis.

c. A claim for compensation for disability on account of a disease condition caused by exposure to X-rays, radioactive substances, or ionizing radiation only shall be filed with the Commission within two (2) years from the date the condition is made known to an employee following examination and diagnosis by a medical doctor.

3. A claim for compensation on account of death shall be barred unless filed with the Commission within two (2) years of the date of such a death.

The creation, extension, or impairing of liens;

Regulating the affairs of counties, cities, towns, wards, or school districts;

Changing the names of persons or places;

Authorizing the laying out, opening, altering, or maintaining of roads, highways, streets, or alleys;

Relating to ferries or bridges, or incorporating ferry or bridge companies, except for the erection of bridges crossing streams which form boundaries between this and any other state;

Vacating roads, town plats, streets, or alleys;

Relating to cemeteries, graveyards, or public grounds not owned by the State;

Authorizing the adoption or legitimation of children;

Locating or changing county seats;

Incorporating cities, towns, or villages, or changing their charters;

For the opening and conducting of elections, or fixing or changing the places of voting;

Granting divorces;

Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;

Changing the law of descent or succession;

Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals, or providing or changing the methods for the collection of debts, or the enforcement of judgments or prescribing the effect of judicial sales of real estate;

Regulating the fees, or extending the powers and duties of aldermen, justices of the peace, or constables;

Regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes;

Fixing the rate of interest;

Affecting the estates of minors, or persons under disability;

Remitting fines, penalties and forfeitures, and refunding moneys legally paid into the treasury;

Exempting property from taxation;

Declaring any named person of age;

Extending the time for the assessment or collection of taxes, or otherwise relieving any assessor or collector of taxes from due performance of his official duties, or his securities from liability;

Giving effect to informal or invalid wills or deeds;

Summoning or impaneling grand or petit juries;

For limitation of civil or criminal actions;

For incorporating railroads or other works of internal improvements;

Providing for change of venue in civil and criminal cases.

Okla. Const. art. 5, § 46.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105